UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BENNING BALTHROPE II,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY BOARD OF SUPERVISOR, *et al.*,<br><br>Defendants. | Case No. 3:17-cv-00107-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has submitted an application for leave to proceed in forma pauperis (Electronic Case Filing (ECF) No. 1), and proposed pro se complaint (ECF No. 1-1).

Plaintiff, who is a resident of Rancho Cordova, California, sues the Sacramento County Board of Supervisors, Rancho Cordova City Council, City Police Department, Chief of Police Michael Goold, Sergeant Couch, R.C. Policeman John Does 1-3, Rancho Cordova Mayor Robert McGarvey, and the Sacramento Sheriff's Department, related to an incident that took place on his commercial property in Rancho Cordova, California on September 11, 2016, involving various Rancho Cordova police officers. (ECF No. 1-1.)

A civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Plaintiff has not alleged that any defendant resides in the District of Nevada, that any of the events giving rise to the action transpired here, and has not otherwise alleged any connection to this District. Therefore, it appears that the court lacks personal jurisdiction over the defendants and venue is improper here. When venue is improper, the district court where the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff states that he initiated this case here because federal judge Kimberly J. Mueller in Sacramento is in collusion with the defendants; however, there is no certainty his case would be assigned to Judge Mueller, and in the event it is, federal disqualification procedures are sufficient to remedy Plaintiff's concerns.

Therefore, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**; that the application to proceed in forma pauperis be **DENIED AS MOOT**; and, that the case be **CLOSED** insofar as this District is concerned.

Plaintiff is advised:

1. That pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation may be filed within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: February 27, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

- 2 -